UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br> v.<br><br>EVELYN VELAZQUEZ-INCHAURREGUI,<br><br>          Defendant. | Case No. 22-cr-02528-BAS-2<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 49)** |

  On June 13, 2023, this Court sentenced Defendant Evelyn Velazquez-Inchaurregui to twenty-four months in custody after her guilty plea to smuggling aliens. (ECF No. 46.) At the time, she was on supervised release for importing methamphetamine. (Presentence Report ("PSR") ¶ 29, ECF No. 28.) Thus, the Court sentenced her to an additional four months in custody for this supervised release violation, consecutive to her sentence for smuggling aliens. (*See* Case No. 18-cr-4920-BAS, ECF No. 40.) Defendant has served approximately one year of this twenty-eight-month sentence.

  Defendant now requests that her sentence be reduced, claiming that her mother has died of COVID-19 and that she is needed as a caretaker of her children. (ECF No. 49.) However, at the time she was sentenced, Defendant told the Probation Officer that her mother had died of COVID-19 complications in 2021, and that her children were being

cared for by their respective fathers. (PSR ¶¶ 34, 40–41.) Therefore, as discussed below, Defendant's Motion to Reduce her Sentence is **DENIED**.

## I.  Background

Defendant came through the Port of Entry as a passenger in a car that had a child who had no legal right to be in the United States. The inspections officer smelled marijuana emanating from the car. Defendant, who was breast-feeding another infant, told the officer that the child in the backseat was hers, and she showed the officer a birth certificate. The child, however, was not hers, and the birth certificate she showed belonged to one of her own children. When the officer attempted to contact the infant, he was unresponsive. The officer found a bottle of ZzzQuil nighttime medication and a box of Benadryl in the center console and learned the child had been drugged. Therefore, the officer called 911. Eventually, the child woke up and his vitals were normal. Defendant admitted she was being paid $1000 to transport the child across the border. (PSR ¶¶ 3–11.) Defendant admitted she had used cocaine the week before the offense. (PSR ¶ 47.)

At the time of her presentence interview, Defendant said her mother had died two years before of complications from COVID-19. (PSR ¶34.) She listed four children from two different fathers and said the children were living with their respective fathers in Mexico. (PSR ¶¶ 40–41.)

Defendant had a prior conviction for importation of methamphetamine in 2018. (PSR ¶ 29.) She was still on supervised release from that offense at the time she committed this new offense.

Defendant now files a Motion to Reduce Sentence, claiming that her mother has passed away and she is the only available caretaker for her children. (ECF No. 49.) The Government opposes, arguing that there is no evidence Defendant has exhausted her administrative remedies. (ECF No. 54.) Defendant asserts, without proof, that she made a written request for compassionate release from the Warden where she is housed on August 12, 2023, without response. (ECF No. 49.)

## II. Analysis

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 532 (S.D.N.Y. May 8, 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.* Although this Court finds that such exhaustion is mandatory, the Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion. *Ng Lap Seng*, 459 F. Supp. 3d at 538.

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that she is eligible for compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons, which include "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A).

### A. Exhaustion

Defendant fails to provide proof that she has exhausted her administrative remedies, and the Government asserts that no request was located. However, because Defendant is proceeding *pro se*, and because she asserts that she did make such a request without response, the Government proceeds to analyze the request for release under § 3582.

### B. Extraordinary and Compelling Reasons

Defendant fails to make a showing of extraordinary and compelling circumstances for her release. First of all, she fails to show that her mother, who died in 2021, two years before she was sentenced, was the caretaker of her children. Second, she fails to show why the fathers of her children, who were caring for the children at the time she was sentenced, cannot continue to do so. Because Defendant fails to show that the caregiver of her minor children has died or is incapacitated, she has failed to demonstrate extraordinary and compelling reasons for her release.

### C. Section 3553(a) Factors

Defendant committed this offense while she was on supervised release for another offense. The original sentence for importing methamphetamine of twenty-four months was clearly not sufficient to deter her from committing another federal criminal offense. Defendant has now served only one year in custody. Release at this point would not provide adequate deterrence for future criminal conduct and would fail to protect the public from Defendant's further crimes. Hence, the Court also finds Defendant fails to show that the § 3553(a) factors support her release.

//
//
//
//

### III. Conclusion

For the reasons stated above, Defendant's Motion to Reduce Sentence is **DENIED**. (ECF No. 49.)

**IT IS SO ORDERED.**

DATED: November 16, 2023

Hon. Cynthia Bashant
United States District Judge